```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

SCOTT P. KNIGHT, as trustee
of Knight Living Trust, a
Florida Trust,

         Plaintiff,

v.                                  Case No:  2:24-cv-592-JES-NPM

MARKEL   AMERICAN   INSURANCE
COMPANY,    a     foreign
corporation,

         Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #10) filed on July 1, 2024. Defendant filed a Response in Opposition (Doc. #15) on July 15, 2024.

*I.*

This case was initiated on or about March 27, 2024, in Lee County state court. The Amended Complaint (Doc. #5) was originally filed in state court on May 10, 2024, against Markel American Insurance Company (defendant) by plaintiff Scott P. Knight, the trustee of the Knight Living Trust. Plaintiff states that the Trust's principal location is in Fort Myers, Florida. (Id. at ¶ 2.) Defendant is only identified as a foreign corporation. (Id. at 3.)

Defendant issued the policy of insurance that covered a 57' Carver Voyager Motoryacht for $405,000. (Id. at 5.) On or about September 28, 2022, Hurricane Ian came ashore and caused the sinking and total loss of the Motoryacht. Plaintiff filed a claim which was denied in its entirety. At the time of the loss, the insured Motoryacht was at its regular slip at The Marina at Edison Ford in Lee County, Florida. Upon issuance of the hurricane warning, plaintiff inquired if the marina would haul the Motoryacht out of the water and place it on land. The marina refused and was unwilling to haul out any vessels the size and weight of plaintiff's motoryacht when the windstorm warning was issued. (Id. at 6-8, 11-12, 16.)

Plaintiff alleges that defendant's windstorm haul-out condition violates the Florida statute that prohibits marinas from requiring owners to remove their vessels from their marina slips when a windstorm is approaching, and the denial of plaintiff's claim was based on the applicability of the windstorm haul out condition in breach of the insurance agreement. (Id. at 13, 15.) Plaintiff seeks damages for the breach and a declaratory judgment on the issue of coverage.

Defendant filed a Motion to Dismiss the Amended Complaint (Doc. #1-8) on June 6, 2024, in state court[1], and on June 26, 2024,

---

[1] "A motion pending in state court when the action is removed

filed a Notice of Removal (Doc. #1) after receiving responses to jurisdictional discovery served on plaintiff. Defendant asserts that diversity jurisdiction and admiralty jurisdiction exist over the claims. Defendant further asserts that the removal was timely from the jurisdictional responses served on June 3, 2024, verifying that plaintiff is domiciled in the State of Florida. (Doc. #1 at ¶ 18.)

## II.

A civil action brought in State court may be removed to the district court having original jurisdiction. 28 U.S.C. § 1441(a). The Notice of Removal "shall be filed within 30 days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based", or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

District court have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

---

is denied without prejudice." M.D. Fla. R. 1.06(c). The re-filed motion was denied for failure to comply with M.D. Fla. R. 3.01(g). Defendant filed an Amended Motion to Dismiss (Doc. #17) on July 17, 2024.

of $75,000, exclusive of interest and costs, and is between--**(1)** citizens of different States…." 28 U.S.C. § 1332(a)(1).  District courts also have "original jurisdiction, exclusive of the courts of the States, of: **(1)** Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333.  "That last clause is known—unsurprisingly—as the "saving to suitors" clause, and it maintains concurrent jurisdiction in state and federal court over certain maritime claims. <u>Freedom Unlimited v. Taylor Lane Yacht & Ship, LLC</u>, No. 20-11102, 2021 WL 3629904, at *1 (11th Cir. Aug. 17, 2021) (citing <u>Lewis v. Lewis & Clark Marine, Inc.</u>, 531 U.S. 438, 445 (2001)).

"If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim…. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated." Fed. R. Civ. P. 9(h)(1).

"Sometimes, in addition to admiralty, a court enjoys another basis for subject-matter jurisdiction—say, diversity jurisdiction. In those cases, Rule 9(h) of the Federal Rules of Civil Procedure allows a party to elect to proceed at law via the other

jurisdictional basis or to proceed through admiralty. [] And if a party has two or more viable bases for jurisdiction, one of which is admiralty, then the party's failure to designate her claim as arising in admiralty means that the case will instead proceed at law." DeRoy v. Carnival Corp., 963 F.3d 1302, 1312 (11th Cir. 2020) (citations omitted).

### III.

Plaintiff did not invoke or elect admiralty jurisdiction in the Complaint or the Amended Complaint as a basis for jurisdiction, and defendant alleges an alternative basis for subject matter jurisdiction based on diversity. Plaintiff argues that it was clear from the insurance policy that the trustees had an address in Florida and that they were Florida residents at the time of filing. (Doc. #10 at ¶¶ 6-7.)

"[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464 (1980). Although the Trust was identified as having a principal place of business in Florida, the trustee's citizenship was not provided. Answers to Jurisdictional Interrogatories (Doc. #1-3) revealed an unnamed co-trustee, Brenda J. Knight, and a Florida residence for

both.  No information was provided as to *citizenship* of the trustees.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted).  The Declaration of Helene Baum (Doc. #1-4) executed on June 25, 2024, indicates that Mr. Knight possesses a current valid Florida driver's license, all vehicles have active Florida registrations, and he has an active voter registration in Alachua County, Florida.  The investigation also found no indication of an intent to move from Florida. Defendant is incorporated in Virginia and has its principal place of business in Virginia.  (Doc. #1 at ¶ 28.)  Defendant further alleges that the yacht was insured for an agreed value of $405,000. (<u>Id.</u> at 30.)

Since plaintiff elected not to designate her claim as arising in admiralty, the case will instead proceed at law.  Since there was no indication of even residency for the trustee, the case will

remain in federal court based on timely removal and the presence of diversity.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Remand (Doc. #10) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of July 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record