```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

SCOTT P. KNIGHT, as trustee
of Knight Living Trust, a
Florida Trust,

       Plaintiff,

v.                          Case No:  2:24-cv-592-JES-NPM

MARKEL AMERICAN INSURANCE
COMPANY, a foreign
corporation,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #17) filed on July 17, 2024. Plaintiff filed a Response in Opposition (Doc. #20) on August 6, 2024.[1] For the reasons set forth below, the motion is granted with leave to file an amended complaint.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

---

[1] In any future filings, Plaintiff should adhere to the typography requirements of the local rules. See M.D. Fla. R. 1.08.

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

2

they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

This is an insurance dispute. Defendant issued an insurance policy to Plaintiff for a fifty-seven-foot yacht weighing twenty-seven tons. Hurricane Ian came and the yacht sank. Defendant denied Plaintiff's claim based on the policy's windstorm haul out provision, which reads:

> If a windstorm warning is issued for the location where the insured yacht is located, the insured yacht shall be on land. If a location is shown below, the insured yacht shall be on land at the specified location as described.

(Doc. #1-1, p. 42.)[2,3,4] The provision then describes the specified location as "ASHORE ON THE UNITED STATES MAINLAND, AND WITHIN THE LISTED NAVIGATIONAL LIMITS." (Id.)

---

[2] Plaintiff labeled this exhibit as "Exhibit A." However, the exhibit appears on the Court's CM/ECF system as Exhibit 1. The Court will cite each exhibit herein by the numerical number assigned to it by the Court's CM/ECF system.

[3] The policy was attached as an exhibit to a previous complaint but not the current operative pleading. The Court properly considers it nonetheless because the policy was referenced in the operative pleading, central to the claim, and its contents are undisputed. See Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024). The Plaintiff should attach the policy as an exhibit to any future amended complaint.

[4] The policy defines "windstorm" as "tropical depressions, tropical storms or hurricanes as designated by the National Weather Service and/or National Hurricane Center." (Doc. #1-1, p. 16.)

It is undisputed that the yacht remained stationed at a marina and was never hauled out despite a hurricane warning being issued. Yet, Plaintiff filed this breach-of-contract (Count I) and declaratory judgment (Count II) action, asserting that the provision violates Fla. Stat. § 327.59,(Doc. #5, ¶15), Florida's public policy "which prohibits requiring [a] vessel owner to be contractually or otherwise obligated to remove their vessels from their marina slips upon the issuance of a windstorm warning,"(id.), and adds that, although Plaintiff requested the yacht be hauled out, no marina was able or willing to haul out vessels of the size and weight of Plaintiff's yacht. (Id. at ¶ 16.)

### III.

Defendant moves to dismiss with prejudice the Amended Complaint (AC), the operative pleading, on the grounds that it is only based on § 327.59, a Florida statute Defendant argues only applies to marinas and that has no private right of action. Plaintiff counters that this action is not based on § 327.59 but on "the public policy recognized by the statute and applying the provisions of other statutes . . . ." (Doc. #20, p. 5.) Plaintiff's brief then quotes Fla. Stat. § 627.409(2), which is notably never mentioned in the AC.

Beginning with § 327.59, it pertinently reads that:

> (1)  Except as provided in this section, marinas may not adopt, maintain, or enforce policies pertaining to evacuation of vessels which

4

> (2) Nothing in this section may be construed to restrict the ability of an owner of a vessel or the owner's authorized representative to remove a vessel voluntarily from a marina at any time or to restrict a marina owner from dictating the kind of cleats, ropes, fenders, and other measures that must be used on vessels as a condition of use of a marina. After a tropical storm or hurricane watch has been issued, a marina owner or operator, or an employee or agent of such owner or operator, may take reasonable actions to further secure any vessel within the marina to minimize damage to a vessel and to protect marina property, private property, and the environment and may charge a reasonable fee for such services.

>> require vessels to be removed from marinas following the issuance of a hurricane watch or warning, in order to ensure that protecting the lives and safety of vessel owners is placed before interests of protecting property.

Fla. Stat. § 327.59. The statute defines a "marina" as "a licensed commercial facility that provides secured public moorings or dry storage for vessels on a leased basis. A commercial establishment authorized by a licensed vessel manufacturer as a dealership is considered a marina for nonjudicial sale purposes." Fla. Stat. § 327.02(26). But the AC describes Defendant as an insurance company, not as a marina.

Plus, as Defendant points out, courts have persuasively held that § 327.59 does not create a private right of action. See N. Ins. Co. of New York v. Pelican Point Harbor, Inc., No. 3:05CV184MCR/MD, 2006 WL 1285078, at *7-8 (N.D. Fla. May 5,

5

2006)(holding that a violation of § 327.59 is remedied by "the criminal penalties set forth in § 327.72" and not by a private right of action); Yacht Experience, LLC v. BTD Real Est., LLC, No. 2:18-CV-14272, 2019 WL 3083107, at *3 (S.D. Fla. July 15, 2019)(agreeing with Pelican Point Harbor that "the duty to enforce section 327.59 [is] upon the Division of Law Enforcement of the Fish and Wildlife Conservation Commission, and the sheriffs of the various counties and their deputies.").

Plaintiff disputes neither issue. Instead, Plaintiff attempts to distance itself from § 327.59, arguing the AC only advances a claim on the "public policy recognized by the statute and applying the provisions of other statutes . . . ." (Doc. #20, p. 5.) Nevertheless, the AC clearly attempts to base its claim at least partly on a direct violation of the statute. (See Doc. #5, ¶ 15)("The Defendant's Windstorm Haul Out Condition violates [§] 327.59 **and** the stated public policy of Florida . . . ." (emphasis added)). As discussed, and as Plaintiff seemingly recognizes, the AC cannot advance a claim based on a violation of § 327.59. This portion of the motion is granted.

Moving on to § 627.406(2), it reads that:

> A breach or violation by the insured of a warranty, condition, or provision of a wet marine or transportation insurance policy, contract of insurance, endorsement, or application does not void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by

6

any means within the control of the insured. Fla. Stat. § 627.409(2). Known as Florida's anti-technical statute, it "is designed to prevent the insurer from avoiding coverage on a technical omission playing no part in the loss." Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC, 71 F.4th 894, 905 (11th Cir. 2023)(quoting Pickett v. Woods, 404 So. 2d 1152, 1153 (Fla. 5th DCA 1981)). The Eleventh Circuit recently entertained a breach-of-contract action based on § 627.409(2) when an insurer denied coverage for a hurricane-damaged-yacht because of a violated policy provision. See Serendipity at Sea, LLC v. Underwriters at Lloyd's of London Subscribing To Pol'y No. 187581, 56 F.4th 1280 (11th Cir. 2023).

Plaintiff, therefore, might have a breach-of-contract claim against Defendant based on the same statute. But Plaintiff only mentions § 627.409(2) in his brief, not the AC. A complaint must give Defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 550. That being so, the AC will be dismissed without prejudice to give the Plaintiff an opportunity to amend. Any forthcoming amended complaint should take care to identify all its claims and the grounds upon which they rest, except that it cannot claim a violation of § 327.59.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #17) is **GRANTED** and the Amended Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of September, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record