UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT P. KNIGHT, as
trustee of Knight Living
Trust, a Florida Trust,

      Plaintiff,

v.                     Case No: 2:24-cv-592-JES-NPM

MARKEL AMERICAN INSURANCE
COMPANY, a foreign
corporation,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss the Third Amended Complaint with Prejudice (Doc. #42) filed on December 20, 2024. Plaintiff filed a Response in Opposition (Doc. #45) on January 13, 2025. For the reasons set forth below, the motion is denied.

### I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual

allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007). "Legal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

This insurance dispute arose after Hurricane Ian sank a yacht. Defendant Markel American Insurance Company (Markel or defendant) had issued an insurance policy (the Policy) to the Knight Living Trust (the Trust) covering a fifty-seven-foot, fifty-three-thousand-pound yacht (the Vessel). The Policy contains a windstorm haul out provision which states:

> If a windstorm warning is issued for the location where the insured yacht is located, the insured yacht shall be on land. If a location is shown below, the insured yacht shall be on land at the specified location as described.

(Doc.#40-1, p. 34.) The provision then describes the specified location as "ASHORE ON THE UNITED STATES MAINLAND, AND WITHIN THE LISTED NAVIGATIONAL LIMITS." (Id.)

Before Hurricane Ian struck the area, windstorm warnings were issued. The Vessel was moored at its usual marina near downtown Fort Myers, Florida. Scott Knight, as trustee of the Knight Living Trust (Knight), made efforts to have the Vessel hauled out of the marina. But the marina itself stated it was unable to haul out the Vessel. Knight contacted other marinas, each of which refused to do so. Knight himself was unable to haul out a vessel of that size. Knight asserts that despite his best efforts, no method or means reasonably existed to haul out the Vessel and place it on land. Knight left the Vessel moored in the slip at its home marina after making all possible

preparations to safeguard the Vessel from the approaching storm. Hurricane Ian came ashore on September 28, 2022, and the Vessel sank.

A claim was timely filed. Markel denied the claim in its entirety because of non-compliance with the haul out provision.

### III.

The Third Amended Complaint (TAC) does not seek a money judgment from Markel but seeks "a declaration that the policy provides coverage for this loss" pursuant to the Florida Declaratory Judgment statute. (Doc. #40, ¶ 28.) Plaintiff's requested declaration rests on two theories. (See id. ¶ 26.) Plaintiff's first theory is that "Defendant has breached its policy by asserting the Plaintiff's breach of the haul out provision as a defense when the provision could not be reasonably complied with by [Plaintiff]" pursuant to Fla. Stat. § 627.409(2). (Id. ¶ 20.) That statute reads that:

> A breach or violation by the insured of a warranty, condition, or provision of a wet marine or transportation insurance policy, contract of insurance, endorsement, or application does not void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.

Fla. Stat. § 627.409(2). Plaintiff argues that the failure to haul out the Vessel did not increase the risk of loss by any

means within the control of the insured, (Doc. #40, ¶ 20), thereby precluding Markel from denying its claim.

Plaintiff's second theory is that the haul out provision "violates the stated public policy of Florida which prohibits requiring vessel owner[s] to be contractually or otherwise obligated to remove their vessels from their marina slips upon the issuance of a windstorm warning." (Id. ¶ 24.) The TAC asserts such a public policy has been recognized by Florida courts. (Id. ¶ 22)(citing Burklow & Assocs., Inc. v. Belcher, 719 So. 2d 31 (Fla. 1st DCA 1998); Columbia Properties Stuart, LLC v. Wilkes, No. 05-14369-CIV, 2006 WL 8433938 (S.D. Fla. June 22, 2006)).

Defendant moves to dismiss for failure to state a claim, arguing Plaintiff's two theories for a declaratory judgment are legally deficient. Each will be analyzed separately.

**A. Fla. Stat. § 627.409(2)**

Markel argues that Knight has essentially pled his way out of a viable cause of action by admitting noncompliance with the haul out provision of the Policy, thereby justifying Markel's denial of the claim. (Doc. #42, p. 8.) Knight responds that while many facts are indeed undisputed, there are still disputed facts to be decided by a jury before his request for declaratory relief may be resolved.

Knight's first theory is that noncompliance with the Policy's haul out provision did not "increase[ ] the hazard by

any means within the control of the insured," as required by Fla. Stat. § 627.409(2). The parties clearly disagree on whether the admitted failure to haul the Vessel out of the water increased the hazard to the Vessel, and if so, whether the increase was by a means within the control of Knight. Markel's reliance on AXA Glob. Risks (UK), Ltd. v. Webb, No. 6:99-CV-124-ORL-19B, 2000 WL 33179617 (M.D. Fla. July 28, 2000) is misplaced since that case involved a summary judgment motion and only addressed the increased hazard issue. See id. at *2. An insured can prevail under § 627.409(2) if the insurer cannot prove the cause of loss was within the control of the insured. See Gamez v. Ace Am. Ins. Co., 638 F. App'x 850, 853-54 (11th Cir. 2016).[1] Because plaintiff has stated a plausible cause of action pursuant to Fla. Stat. § 627.409(2), this portion of Defendant's motion is denied.

## B. Contrary to Public Policy

Plaintiff's second theory is that the haul out provision violates the public policy of Florida "which prohibits requiring vessel owner[s] to be contractually or otherwise obligated to remove their vessels from their marina slips upon the issuance

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

of a windstorm warning." (Doc. #40, ¶ 24.) Plaintiff must eventually prove the existence of such public policy, which has not been done in the TAC. But plaintiff does not have to prove his case in a complaint, only present a plausible cause of action. Plaintiff has shown that in some contexts Florida has stated (through a statute) a public policy similar to the one it asserts in this case. This is sufficient to establish a plausible claim which allows Plaintiff to proceed with its obligation to establish such a public policy in the context of marine insurance policies.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice (Doc. #42) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of April 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record